### Ollie Brown v. The State.

#### No. 1518. Decided January 24, 1912.

**Burglary—Date of Offense—Charge of Court.**

Where, upon trial of burglary, the court in his charge used the words "on or about" the date alleged in the indictment, and the question of limitation or former jeopardy could not arise, there was no error.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, his punishment being assessed at five years confinement in the penitentiary.

The burglary was committed on the night of the 12th of February, 1911. One of the grounds of the motion for a new trial allege that error was committed by the court in submitting the issue to the jury that if the defendant "on or about the 12th day of February, A. D. 1911, as alleged in the county of Dallas and State of Texas, by force, in the night time, did enter the private residence of George Johnson, as charged in the indictment," etc., they would convict him. The objection to this charge is based on the language of the court that if the defendant "on or about the 12th day of February, A. D. 1911," entered the house, etc. There is no merit in this contention, as this record is presented. Usually this matter is one of limitation. While the indictment alleges specifically that the burglary occurred on the 12th day of February, yet as a general rule if the evidence shows that it was committed within the limitation and prior to the presentment of the indictment this would be sufficient. The evidence is not before us, and, therefore, we are unable to say whether there was more than one burglary of George Johnson's house by appellant at or about that time, and if such was the case, we do not see how this charge would have injuriously affected him. If he was charged with two burglaries in separate indictments for entering the Johnson house about the 12th of February, and was being tried for the second, there might be a question of jeopardy. But that question did not and could not arise here. There was no objection urged to the introduction of any other burglary so far as this record is concerned.

The remaining questions refer to the evidence. These can not be considered in the absence of the statement of facts.

As the record is presented to this court the judgment must be affirmed, and it is so ordered.

*Affirmed.*